[Civ. No. 19647. Second Dist., Div. Three. Oct. 23, 1953.]

ANTHONY PIAZZA et al., Appellants, v. WILLIAM H. HEIDLEBAUGH, Respondent.

Anthony Piazza and Clara Elizabeth Piazza in pro. per., for Appellants.

Wayne Veatch and Henry R. Thomas for Respondent.

WOOD (Parker), J.—In this action for damages resulting from a collision of an automobile and a truck, the verdict and judgment were for defendant. Plaintiffs' motion for a new trial was denied, and they appeal from the judgment. Their principal contention is insufficiency of the evidence to support the judgment.

Plaintiffs are husband and wife. The collision occurred on May 18, 1951, about 3 p. m., in Los Angeles on Vanowen

Street west of the intersection of that street and Balboa Street. Plaintiff Mrs. Piazza was driving a Plymouth automobile in a westerly direction on Vanowen Street, and defendant was driving a truck easterly on that street. Vanowen Street north of the double line (the paved portion) is 30 feet wide, and the paved portion south of that line is 12 feet wide, and the dirt shoulder on the south side is 8 feet wide.

Mrs. Piazza testified that she was driving a Plymouth automobile, which had no front fenders, in a westerly direction on Vanowen Street; when she went through the intersection of Balboa and Vanowen Streets the signal was green (for the direction in which she was going); she was driving between 20 and 25 miles per hour, and her automobile was about 2 feet to the right (north) of the white line; after crossing the intersection, an automobile which had been in front of her in the same lane she was in veered to the right; there was no automobile in front of her thereafter; she was not attempting to pass an automobile; after she went through the intersection she noticed that several automobiles—quite a few automobiles—eastbound on Vanowen Street were stopped south of the double line (presumably waiting for the next green signal); the point of the accident was half the length of her automobile beyond the last of those parked automobiles; the truck (driven by defendant) came from a southerly direction and crashed into the left front door of her automobile; the "truck came in at the back of the last parked car"; she did not see the truck, except for an instant before the collision; she suffered personal injuries.

Defendant testified that he was driving a dump truck, which weighed about 7,800 pounds, in the eastbound traffic lane on Vanowen; there was only one paved eastbound traffic lane; he was driving about 30 miles per hour; the day was clear; he noticed the Plymouth automobile (plaintiffs' automobile) "come around to the left of another car over the white line"; he immediately applied the brakes and tried to stop; when he applied the brakes, the nearest eastbound automobile (in the eastbound lane) was 3 or 4 car lengths ahead of him, and the left side of his truck was about 2 feet from the center white line; the Plymouth came over the white line about 2 or 3 feet; the plaintiff tried to swerve away from him—she was trying to turn back into her lane; the left front wheel of the Plymouth came in contact with the left front wheel of the truck; as she swerved away from him she caught the front wheel of the truck and pulled the truck

over toward the center of the street; at the time of the impact he was almost stopped—maybe he was going 5 or 10 miles an hour; she was driving 25 or 30 miles per hour; his truck left skid marks 33 feet in length; after the accident the left front wheel of his truck "was over the white line just a little bit."

Mr. Deeble, a witness called by defendant, testified that he observed the accident; prior to the accident he was driving in the eastbound paved lane of Vanowen Street following defendant's truck; he was trailing the truck at approximately the rate of 30 miles per hour; suddenly a Plymouth automobile, without front fenders, "whipped out from behind a car coming westbound"; at that time the truck was about 1½ to 2 feet to the right ·(south) of the center line.

There was a substantial conflict of the evidence with respect to the question of negligence. ■ "In reviewing the evidence on such an appeal all conflicts must be resolved in favor of the respondent. . . . ■ [W]hen a verdict is attacked as being. unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusion reached by the jury. ■ When two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court." (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

■ The testimony on behalf of defendant was not inherently improbable. The evidence was legally sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied November 13, 1953, and appellants' petition for a hearing by the Supreme Court was denied December 17, 1953.